Kelley v. Hemmingway.

DAVID KELLEY, Appellant, *v.* MOSES HEMMINGWAY, Appellee.

APPEAL FROM DU PAGE.

A note made payable to a person "when he is twenty-one years old," is not a promissory note, and negotiable under our statute.

THIS cause was tried by HENDERSON, Judge, without the intervention of a jury, at the special term in June, 1851, of the Du Page Circuit Court, and resulted in a judgment for Hemmingway, the assignee of the note for the sum of $75.73 damages and costs.   Thereupon Kelley appealed to this court.

The facts of the case are stated in the opinion.

FARNSWORTH and FERGUSON and T. L. DICKEY, for appellant.

GLOVER & COOK, for appellee.

TREAT, C. J.   This was an action brought by Hemmingway against Kelley before a justice of the peace, and taken by appeal to the Circuit Court.   On the trial, in the latter court, the plaintiff offered in evidence an instrument in these words:—

"CASTLETON, April 27th, 1844.
"Due Henry D. Kelley fifty-three dollars when he is twenty-one years old, with interest.        DAVID KELLEY."

On the back of which was this indorsement:

"ROCKTON, May the 21st, 1849.
"Signed the within, payable to Moses Hemmingway.
                              "HENRY KELLEY."

The plaintiff proved that the payee became of age in August, 1849. The defendant objected to the introduction of the instrument, because it was not negotiable, but the court admitted it in evidence, and rendered judgment for the plaintiff.

Our statute makes promissory notes assignable by indorsement in writing, so as absolutely to vest the legal interest in the assignee. Was the instrument in question a promissory note? To constitute a promissory note, the money must be certainly payable, not dependent on any contingency, either as to event, or the fund out of which payment is to be made, or the parties by or to whom payment is to be made. If the terms of an instrument leave it uncertain whether the money will ever become payable, it cannot be considered as a promissory note. Chitty on Bills, 134. Thus, a promise in writing to pay a sum of money when a particular person shall be married, is not a promissory note, because it is not certain that he will ever be married. Pearson v. Ganet, 4 Mod. 242; Beardesley v. Baldwin, 2 Strange, 1151. So of a promise to pay when a particular ship shall return from sea, for it is not certain that she will ever return. Palmer v. Pratt, 2 Bing. 185; Coolidge v. Ruggles, 15 Mass. 387. In all such cases, the promise is to pay on a contingency that may never happen. But if the event on which the money is to become payable must inevitably take place, it is a matter of no importance how long the payment may be suspended. A promise to pay a sum of money on the death of a particular individual, is a good promissory note, for the event on which the payment is made to depend will certainly transpire. Colehan v. Cooke, Willes, 393; S. C. 2 Strange, 1217.

In this case, the payment was to be made when the payee should attain his majority — an event that might or might not take place. The contingency might never happen, and therefore the money was not certainly and at all events payable. The instrument lacked one of the essential ingredients of a promissory note, and consequently was not negotiable under the statute. The fact that the payee lived till he was twenty-one years of age makes no difference. It was not a promissory note when made, and it could not become such by matter *ex post facto*. The plaintiff has not the legal title to the instrument. If it pre-

sents a cause of action against the maker, the suit must be brought in the name of the payee. The case of Goss *v.* Nelson, (1 Burr. 226,) is clearly distinguishable from the present. There, the note was made payable to an infant when he should arrive at age, and the day when that was to be was specified. The court held the instrument to be a good promissory note, but expressly on the ground that the money was at all events payable on the day named, whether the payee should live till that time, or die in the interim; and it was distinctly intimated, that the case would be very different had the day not been stated in the note. It was regarded as an absolute promise to pay on the day specified, and no effect was given to the words that the payee would then become of age.

The judgment must be reversed. *Judgment reversed.*