JOHN B. SMALLEY, Appellant, v. RICHARD A. EDEY, Appellee.

APPEAL FROM MACOUPIN.

In an action upon an instrument promising to pay a sum certain to A. B., with a proviso, that the maker might settle the amount with a third person, or if A. B. was compelled to pay said amount to such third person, then agreeing to settle it, if practicable, in thirty days:—

*Held*, that such an instrument was not a promissory note, and although the plaintiff averred in his declaration that he had paid the amount to such third person, and that the defendant, the maker, had not paid him or such third person, yet the plaintiff was not entitled to recover upon offering the instrument in evidence alone, without proving the truth of his averment.

THIS cause was heard before WOODSON, Judge, at February term, 1852, of the Macoupin Circuit Court.

J. M. Palmer, and S. Pitman, for appellant.

S. S. Gilbert, for appellee.

Treat, C. J.    This was an action of *assumpsit*, brought by Edey against Smalley. The declaration contained the common counts; and a special count on the following instrument : —

" I do hereby agree to pay to Mr. Richard A. Edey, one hundred and forty-eight dollars, and twenty-seven cents, provided I do not settle said amount with Richard Hoover, and Mr. Edey is compelled to pay the same to said Hoover. I will settle the same with Hoover in thirty days, if practicable, or as soon as said Edey has to pay Hoover the money. April 22d, 1850. John B. Smalley."

The plaintiff averred in this count, that he had been compelled to pay Hoover the sum of money specified ; and that the defendant had not paid the same to him or Hoover. The plea was *non assumpsit.* On the trial before the court, the plaintiff introduced the instrument set forth in the declaration ; and that was all the evidence offered in the case. The court gave judgment for the plaintiff, and the defendant prosecuted an appeal.

It is clear that the appellee was not entitled to recover on the special count. He failed to establish the truth of the averment, that he had paid the money to Hoover. Such payment was a condition precedent to his right of action against the appellant. The production of the instrument did not prove that the latter was in any default. It did not show the happening of the contingency, on which his liability was made to depend.

Nor was the appellee entitled to recover on the common counts. If a promissory note, the instrument was admissible in evidence under the money counts. But it wanted one of the essential properties of a promissory note. The money was not absolutely payable. It was payable on a contingency that might never happen. The appellee had to make payment to Hoover, before he could put the appellant in default. " To constitute a promissory note, the money must be certainly payable, not dependent on any contingency, either as to event, or the fund out of which payment is to be made, or the parties by or to whom payment is to be made. If the terms of an instrument leave it uncertain whether the money will ever become payable, it cannot be considered as a promissory note." Kelley *v.* Hemmingway, 13 Illinois, 604. The instrument in question amounted only to an undertaking on the part of the appellant, that he

would pay the appellee $148.27, whenever the latter should pay a like sum to Hoover. He might, indeed, discharge himself by paying that amount to Hoover, but his failure to do it within the time specified did not render his engagement absolute. This right to pay Hoover was inserted for his benefit. In the case of a promise to pay in the alternative, the promissor may elect the mode of performance. Seacord *v.* Burling, 5 Denio, 444. So of a note payable on or before a given day. The maker may pay the money at any time, but the payee cannot coerce payment till the day named has elapsed. The appellant had the option to pay the money to Hoover, or to the appellee when he should pay a like amount to Hoover. The appellee might never pay Hoover, and therefore the instrument, at the election of the appellant, was payable on a contingency.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*