Gillilan *v.* Myers.

---

John Gillilan

*v.*

Samuel Myers.

31   525
40a  638
31   525
88a   43

1. Bill of Exchange—*presumption that drawee has funds.* It is the doctrine that a bill of exchange is presumed to be drawn on funds, with the understanding between the drawer and drawee, that it is an appropriation of the funds of the former in the hands of the latter.

2. Same—*what its acceptance admits.* The acceptance of a bill of exchange is an admission by the acceptor that the bill is drawn upon funds of the drawer in his hands.

3. Same—*its essential qualities.* The essential qualities of a bill of exchange are that it must be payable at all events, not dependent on any contingency, nor payable out of a particular fund ; and that it be for the payment of money only, and not for the performance of any other act, or in the alternative.

Gillilan *v.* Myers.

4. SAME—*what is not such an instrument.* This instrument was held not to be a bill of exchange : "Mr. Myers : Sir—You will please take up my note payable to Samuel J. Smith, for two hundred and two dollars, with ten per cent. interest from the first of April, and it will be all right as we talked. JOHN GILLILAN." The writing is a mere letter of request, and payable on the contingency that Smith should present the note, which he might never do.

5. That instrument not being a bill of exchange, no presumption could arise that the writer or drawer had funds in the hands of Myers, the drawee, and that his acceptance, and payment of the note to Smith, was an admission thereof.

APPEAL from the Superior Court of Chicago.

The pleadings and proofs in this case are set forth in the opinion of the court.

Messrs. CHASE & MUNSON, for the appellant.

Messrs. KING & SCOTT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court.

This was an action of assumpsit brought by the appellee against the appellant in the Superior Court of Chicago. The declaration contained a count for goods, wares and merchandise sold and delivered, and the money counts. Issues were made up, a trial by jury was had, and a verdict for the appellee.

It is not material to examine the pleadings in the cause, as no question is made upon them. No exceptions were taken to the instructions, and the only question presented is, should the court have granted a new trial?

This depends upon the evidence. To maintain the issue on the part of the plaintiff he introduced the following evidence :

"ALGONQUIN, JUNE 8, 1857.

"Mr. MYERS: Sir—You will please take up my note payable to Samuel Smith, for two hundred and two dollars, with ten per cent. interest from the first of April, and it will be right as we talked. JOHN GILLILAN."

Indorsed on this writing, was the following :

" $205.87.  Received, Chicago, June 8, 1857, from Samuel Myers, two hundred and five dollars and eighty-seven cents, being in full for my note and interest, dated March 16, 1857, against John Gillilan.  S. J. SMITH."

The defendant's counsel admitted the signatures of the defendant and of S. J. Smith to the instruments in writing, to be genuine, and consented they be read in evidence, and admitted that the defendant sent the letter above described, directed to the plaintiff, and that the plaintiff, on the ninth day of June, 1857, at the request of the defendant, took up the note made by the defendant as requested, and paid the sum of two hundred and five dollars and eighty-seven cents in taking up the note, which was the amount of principal and interest then due upon the note.

Smith, who was called as a witness for the defendant, stated that he brought such a paper as the above, and saw Myers in Chicago and gave the paper to him, and he took up the note and paid the amount he was requested by Gillilan to pay — thinks this is the paper.  Myers first said, " I don't know about this," turned to some one in the store and said, " Has any arrangement been made ? "  Some one said it had.  Myers paid the money — thinks the amount stated in his receipt — does not pretend to give the language used by Myers, nor the other man — don't know what it relates to — knows he got the money of Myers, and that is all he cared for — he delivered the paper to Myers and he paid the money — has no doubt that Myers paid two hundred and five dollars and eighty-seven cents, to take up Gillilan's note at Gillilan's request.

This is all the material portion of the evidence, and on it, the defendant makes the point, that the writing sent by him to Myers, was, substantially, a bill of exchange, and the presumption of law is, that he had, at the time of drawing the bill, funds in Myers' hands.  It is the doctrine, we believe, that a bill of exchange is presumed to be drawn on funds with the understanding between the drawer and drawee, that it is an appropriation of the funds of the former in the

hands of the latter, and acceptance is an admission that it was so drawn, and of such a relation between the parties. 1 Parsons on Notes and Bills, 323; *Raborg* v. *Peyton*, 2 Wheaton, 385; *Hortsman* v. *Henshaw*, 11 Howard, (U. S.) 177. Is this a bill of exchange?

The essential qualities of such an instrument are said to be, that it must be payable at all events, not dependent on any contingency, nor payable out of a particular fund; and that it be for the payment of money only, and not for the performance of any other act, or in the alternative. 1 Parsons on Bills and Notes, 30, 52.

This writing is made payable on the contingency that Smith presents the note, which he may never do, and is like the case of *Kelly* v. *Hemmingway*, 13 Ill. 604. The writing has few of the essentials of a bill of exchange, but is a mere letter of request to take up a certain note if it is presented.

The case cited in 6 Cowen, 108, *Cook* v. *Satterlee,* is directly in point. There the plaintiff declared, in assumpsit, that on the 25th of July, 1825, W. F. & C. E. Clarke, according to the usage and custom of merchants, etc., made their certain bill of exchange, etc., dated on that day, directed to the defendant, by which they requested the defendant, ninety days after date, to pay to the plaintiff or bearer four hundred dollars, and take up their note given to William and Henry B. Cook for that amount, dated April 19, 1825, which bill the defendant on the same day accepted, etc. There was a demurrer to the declaration, and judgment thereon for the defendant.

The court, after defining the essentials of a bill of exchange, say, is not the instrument declared on payable upon a contingency? From the face of the instrument itself it appears the drawers had, on the 19th of April preceding its date, given their note for four hundred dollars, to William and H. B. Cook, and the object of drawing the instrument in question was, to take up that note. The engagement of the acceptors must be construed according to what is required of them by the drawers. The note was supposed to be in possession of the payee or holder of the bill, and the payment of

the money and taking up the note of the drawers, must be simultaneous acts. The acceptors could not take up the note until it was presented, nor were they bound to pay the money until the plaintiff was ready, and offered to enable them to take up the note.

It was held by the court, that the instrument was payable on a contingency, and is the same as if it had been said, " Pay W. C. four hundred dollars, on his giving up our note," etc.

We see no difference in principle between that case and this. The instrument here was drawn on Myers, for the purpose of taking up drawer's note in the hands of Smith. Myers accepted the request, with that understanding, and he could only pay the money when the note was presented and delivered up.

We are of opinion that this request was not a bill of exchange, and therefore, the presumption did not exist, that the writer or drawer had funds in the hands of Myers, the drawee, and that his acceptance and payment was an admission thereof.

A new trial was properly refused, and the judgment must be affirmed. *Judgment affirmed.*