## HENRY D. KINGSBURY
### v.
## JOHN WALL.

68  311,
151 253
68  311
50a 329

1. ASSIGNMENT—*what may be assigned under the statute.* It is indispensable that all bills of exchange or promissory notes, to be assignable under our statute or at common law, must be certainly payable, and not dependent on any contingency, either as to the event, or the fund out of which payment is to be made, or the parties by or to whom payment is to be made.

2. An order drawn on another and accepted by him, for the payment of a certain sum in goods, payable on condition the payee shall have in his hands ready to be delivered to the drawer a deed from the payee and wife for certain property described, and making the delivery of the goods and the deed simultaneous acts, is not assignable either at common law or under the statute, as the contingency upon which payment was to be made might never happen.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit, brought by John Wall against Henry D. Kingsbury, upon an accepted order drawn on him in favor of Wm. B. Jarvis, and assigned by Jarvis to the plaintiff.

Messrs. CASEY & DWIGHT, for the plaintiff in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The single question presented by this record is, whether the instrument upon which the action is founded is assignable, so as to enable the assignee to maintain the suit in his own name. We think it is not.

It is drawn by Pluma McKnight on Henry D. Kingsbury, and by him accepted, and requests him to deliver to William B. Jarvis, or to any person to whom he may assign the order, the sum of $2626.25, in a fair assortment of clothing from the invoices of goods lately purchased by him of Edwards, Bluett & Co., to be delivered at Centralia in good order, at a fair wholesale price,—the delivery only to take place upon condition the party to whom the goods are to be delivered has in his hands, ready for delivery, a quit-claim deed from Jarvis and wife, duly signed, acknowledged and stamped, conveying to Pluma McKnight all his interest in certain property known as the St. Charles Hotel, in Kinmundy, Ill.; the delivery of the goods and the deed to be simultaneous acts.

It is indispensable that all bills of exchange or promissory notes, to be assignable under our statute or at common law, must be certainly payable, and not dependent on any contingency either as to the event, or the fund out of which payment is to be made, or the parties by or to whom payment is to be made. *Kelley* v. *Hemmingway*, 13 Ill. 604; *Smalley* v. *Edey*, 15 Ill. 324; *Gillilan* v. *Myers*, 31 Ill. 525.

The instrument declared on is only payable in the event of the happening of a certain contingency, viz: the party to

whom the property is to be delivered shall have in his hands, ready to be delivered, a deed from Jarvis and wife for certain property described, and is not therefore assignable.

The contingency upon which payment was to be made might never happen. The agreement provides, the party shall have the deed of a married woman who is no party to the transaction. She might not be willing to execute such a deed, and she certainly could not be compelled to do so.

It is immaterial the assignee in this case may have had the deed in his possession when he demanded payment. The instrument, when executed, was not a bill of exchange, promissory note or other instrument in writing assignable by the provisions of our statute, and the suit was improperly brought in the name of the assignee.

The judgment is reversed and the cause remanded.

*Judgment reversed.*