Miller v. Excelsior Stone Co.

---

## MARTHA A. MILLER

### v.

## THE EXCELSIOR STONE COMPANY.

1. BILL OF EXCHANGE—ESSENTIAL REQUISITES.—A bill of exchange must be payable at all events, not dependent on any contingency, nor payable out of a particular fund; and it should be for the payment of money only, and not for the performance of any other act, or in the alternative.

2. WHEN PAYABLE UPON A CONTINGENCY.—The following instrument *held* not to be a bill of exchange, because made payable upon a contingency: "Please pay to the Excelsior Stone Co. for stone for your buildings, six hundred dollars in installments, as follows: $200 out of first estimate, or when

the first floor joists are in ; $200 when the building is ready for the roof ; $200 when the stoops are finished, and charge the same to my account."

3. HAPPENING OF THE CONTINGENCY.—Where the payment depends upon a contingency, the happening of such contingency will not change the character of the instrument. It was not a bill of exchange when made, and would not become such by matter *ex post facto*.

4. PAYABLE OUT OF A PARTICULAR FUND.—It appearing from the testimony in the case, that the drawer of the above instrument had contracted with the drawee to erect certain buildings, and was to receive his pay therefor in installments as the work progressed; *held*, that the reasonable intendment to be given the above instrument was, that it was to be paid out of a particular fund, viz : out of installments due the drawer under his contract with the drawee, and hence the instrument lacked an essential quality of a bill of exchange.

5. AGENCY—RATIFICATION.—While the mere silence of a principal may, under some circumstances, be deemed a ratification of the acts of a pretended agent, yet a mere failure to disavow such acts *instantly* upon being apprised of them, will not *ipso facto* be a ratification.

ERROR to the County Court of Cook county ; the Hon. MASON B. LOOMIS, Judge, presiding.

Messrs. BAKER and OSGOOD, for plaintiff in error; argued that the instrument sued on is not a bill of exchange, and cited Gillilan v. Myers, 31 Ill. 525; Byles on Bills, 1; Walters v. Short, 5 Gilm. 252; Newhall v. Clark, 3 Cush. 376; 1 Parsons on Bills, 304; 1 Daniel Neg. Inst. § 517; Lamon v. French, 25 Wis. 39; Mitchell, Admr. v. Fond du Lac, 61 Ill. 174.

As to agency and declarations of agent : Whiteside v. Margarel, 51 Ill. 507; Ward v. Williams, 26 Ill. 447.

Instructions to jury: Ind. & St. Louis R. R. Co. v. Miller, 62 Ill. 468.

Mr. H. M. MATTHEWS, for defendant in error; contending that the instrument is a bill of exchange, cited Glancy v. Elliot, 14 Ill. 456; White v. Smith, 77 Ill. 351; 1 Parsons on Notes, 301; Byles on Bills, 187; Nowak v. Excelsior Stone Co. 78 Ill. 307.

That error will not reverse when it appears substantial justice has been done: McClurkin v. Ewing, 42 Ill. 283; Tim-

mons v. Broyles, 47 Ill. 92; Charter v. Graham, 56 Ill. 19; Calhoun v. O'Neal, 53 Ill. 354.

BAILEY, J.   This was an action of assumpsit brought by the Excelsior Stone Co. against Martha A. Miller, in the County Court of Cook county.   The plaintiff's action was based in part upon an open account, and in part upon an instrument of which the following is a copy:

"CHICAGO, July 12, 1877.

"Mrs. MARTHA A. MILLER:—Please pay to the Excelsior Stone Co., for stone in your buildings, six hundred dollars, in installments as follows: $200 out of first estimate, or when the first floor joists are in; $200 when the building is ready for the roof; $200 when the stoops are finished, and charge the same to my account.                    "JAMES PARROTT.

"Accepted July 12, 1877.

"MARTHA A. MILLER."

The first and second of the installments stipulated for in this instrument were paid by Mrs. Miller before the commencement of the suit, leaving the third installment unpaid.

The evidence shows that on the 28th of June, 1877, James Parrott agreed in writing with Mrs. Miller, to furnish all the materials and build for her a block of two three-story and basement dwelling houses, according to certain plans and specifications, the same to be completed by the first day of October, 1877, for which he was to be paid the sum of $7,750, upon estimates to be made by the architect from time to time, as the work progressed.   It was further agreed, that in case of his neglect or failure at any time to proceed with the work with suitable despatch, Mrs. Miller should be at liberty to employ other persons to complete it, and deduct the expense of so doing from the amount to be paid to Parrott.

It seems that Parrott, being unable to obtain from the plaintiff the stone to be used in the buildings on his own credit, drew the foregoing instrument, and procured its acceptance by Mrs. Miller, and that the plaintiff, after receiving it, furnished to Parrott thereon stone for Mrs. Miller's buildings, to the

amount of $599.80. Parrott proceeded with the erection of the buildings up to about the first of September, 1877, when he abandoned the work and refused to proceed further therewith, the walls of the second story of the buildings being at the time nearly completed, and those of the third story commenced. Mrs. Miller afterwards hired men by the day to complete the work, except the front steps, which were built by one Donaghue by contract, for $400.

One of the leading questions presented by the record is, whether the instrument above recited is a bill of exchange, or only a contract operating as an equitable assignment to the plaintiff, *pro tanto*, of the indebtedness thereafter to accrue to Parrott from Mrs. Miller. If the former, Mrs. Miller cannot now be permitted to insist that there was no consideration for her acceptance, or that such consideration has failed. Nowak v. Excelsior Stone Co. 78 Ill. 307. If the latter, her liability to the plaintiff must depend upon the state of the accounts between her and Parrott.

The essential qualities of a bill of exchange are said to be that it must be payable at all events, not dependent on any contingency, nor payable out of a particular fund; and that it be for the payment of money only, and not for the performance of any other act or in the alternative. Gillian v. Myers, 31 Ill. 525; Cook v. Satterlee, 6 Cow. 108; Munger v. Shannon, 61 N. Y. 251; 1 Parsons on Bills and Notes, 42.

We think the instrument in question lacks one or more of these essential qualities. Each installment was made payable on the happening of a future event, which so far as could then be known might or might not take place. The buildings had not then been erected, and it was uncertain and contingent whether they would ever reach either of the several stages of completion upon which the respective installments were to mature. It is true, there was a contract between the parties for the erection of the buildings, but it was still within their power voluntarily to abandon their enterprise, or they might be compelled to do so for lack of the means to prosecute it. The buildings might have been destroyed before completion, or the parties might have died before completing them, or various

Miller v. Excelsior Stone Co.

other supposable contingencies might have stood in the way of the happening of the events upon which the several installments were made payable.

The rule that negotiable instruments must be made payable absolutely, is founded upon the consideration that a contingency as to the time of payment would greatly impair and diminish their credit, circulation and negotiability, since the person to whom they were offered in negotiation would be obliged to inquire when these uncertain events would probably be reduced to certainty, and whether the conditions would be performed or not. And hence the rule is, that a bill of exchange always implies a personal, general credit. not limited or applicable to particular circumstances and events which cannot be known to the holder in the general course of negotiation; and if it wants upon its face this essential quality or character, the defect is fatal. Story on Bills and Notes, § 46.

Nor in this case does the fact that the building was afterwards erected, cure the defect. The character of the instrument as a bill of exchange must be determined in the light of the facts existing at its date, and if it had not the character of a bill of exchange then, such character cannot be given it by matter happening afterwards.

In White v. Smith, 77 Ill. 351, the court, in case of a promissory note, say: "Where the payment depends upon a contingency, it will make no difference that the contingency does in fact happen afterwards on which the payment is to become absolute, for its character as a promissory note cannot depend upon future events, but solely upon its character when created. So, in Kelly v. Hemmingway, 13 Ill. 604, a note payable to a person when he should become twenty-one years old, was held not a promissory note. The court say: "The payment was to be made when the payee should attain his majority—an event that might or might not take place. The condition might never happen, and therefore the money was not certainly and at all events payable. The instrument lacked one of the essential ingredients of a promissory note, and consequently was not negotiable under the statute. The fact that the payee lived till he was twenty-one years of age, makes no difference. It

was not a promissory note when made, and it would not become such by matter *ex post facto.*"

We are further of the opinion, that the instrument in question, especially when interpreted in the light of surrounding facts, was drawn not upon the personal general credit of the drawer, but upon a particular fund, viz: the money which would become payable to him upon performance of his contract to erect the buildings. The first installment is in terms payable "*out of the first estimate,* or when the first floor joists are in." This language may fairly be understood to import that when the first floor joists were in the drawer would become entitled to his first estimate, and that the first installment should be paid out of such estimate. A portion of the money drawn for being payable out of a particular fund, the character of the instrument as a bill of exchange is as effectually defeated as though the whole were so payable.

It is true, the instrument in fixing the time and manner of payment of the other installments, makes no express reference to subsequent estimates, but we think such reference being made in relation to the first installment may be implied as to the others. By the contract between Parrott and Mrs. Miller, Parrott was to be paid upon estimates made by the architect as the work progressed and not otherwise. These installments being made payable when the buildings should reach certain successive stages of completion, and express reference being made to the first estimate as occurring at the first of these stages, thus entitling the drawer to the first payment on his contract, and out of which he directs the first installment to be paid, the fair intendment we think is that the subsequent installments were to be paid out of estimates to be made at the several subsequent stages of the work. Any other interpretation would, it seems to us, do violence to the intention of the parties.

The court below having held the instrument in question to be a bill of exchange, payable absolutely and generally upon proof of the happening of the events therein mentioned, we think an error was committed, for which the judgment must be reversed.

The verdict and judgment were for $285.70, being the total

Miller v. Excelsior Stone Co.

amount claimed by the plaintiff below. This amount was made up of the balance unpaid on the order; also an account for $38.22, claimed by the plaintiff to be due from Mrs. Miller for stone bought by her through her husband, David Miller, as her agent, to be used in the walls of the buildings after Parrott abandoned his contract; also a balance of $47.50, due on the stone used by Donaghue in erecting the front steps.

As to both of the last two items there was a considerable conflict of testimony. As to the item of $38.22, the authority of Mrs. Miller's husband to act as her agent in the purchase of the stone was in controversy, it being directly disputed by the testimony of both Mrs. Miller and her husband. Whether the stone purchased by David Miller was in fact purchased on his own behalf or for his wife, was also in dispute. As to the item of $47.50, the evidence was conflicting upon the question whether the stone for which that item was owing, was in fact sold to Donaghue or to Mrs. Miller, it being also claimed by the plaintiff in respect to that item, that the contract was made in behalf of Mrs. Miller by her husband as her agent. Upon this state of the proof, the court gave the following instruction, at the instance of the plaintiff:

"The jury are instructed as matter of law, that although a party falsely representing himself to be an agent of a principal, may make a contract which in the first place would not be binding on the principal, yet the principal may make it her own contract by ratification, and unless the principal disavow the acts of the pretended agent as soon as they come to her knowledge, she ratifies the contract as her own."

This instruction, we think, states the rule much too broadly. While the mere silence of a principal may, under some circumstances, be deemed a ratification of the acts of a pretended agent, who wholly without authority from the principal, has assumed to make contracts on his behalf, yet a mere failure to disavow such acts *instantly* upon being apprised of them, would not *ipso facto* be a ratification. We do not think that the duties which one person owes to another, compel the instant disaffirmance and repudiation of the acts of a mere intruder,

under penalty of being bound by such acts.   We think under the evidence in this case, this instruction had a manifest tendency to mislead the jury.

Complaint is made of other errors in the record, which we do not deem it necessary to notice, but for the errors above mentioned we reverse the judgment, and remand the cause for a new trial.

Reversed and remanded.