JENNINGS ET AL. V. FIRST NAT. BANK.

PROMISSORY NOTES — NEGOTIABILITY.

13  417
3a  212

1. AN INSTRUMENT PAYABLE UPON A CONTINGENCY NOT NEGOTIABLE AT
   COMMON LAW.— A promissory note, in the ordinary form, contain-
   ing a stipulation that "this note is given for part payment of rent
   of certain pasture fields, and is not to be paid unless I have the use
   of said premises in accordance with a certain lease and agree-
   ment," was not negotiable at common law.
2. SUCH AN INSTRUMENT IS NOT NEGOTIABLE UNDER THE STATUTE.—
   Nor is it negotiable under General Statutes, chapter 9, which pro-
   vides that (section 3) "all promissory notes, bonds, due-bills and
   other instruments in writing, made by any person, whereby such
   person promises or agrees to pay any sum of money * * * to
   any other person or persons, shall be taken to be due and payable
   to the person or persons to whom the said note, bond, bill or other
   instrument in writing is made;" and (section 4) that "any such
   note, bill, bond or other instrument in writing, made payable to
   any person or persons, shall be assignable by indorsement thereon,
   * * * in the same manner as bills of exchange."
3. PROOF REQUISITE TO RECOVERY BY AN ASSIGNEE.— To entitle an
   assignee of a promissory note payable on a contingency to recover
   in an action thereon, it is necessary for him to prove ownership
   of the claim, and that the contingency specified therein has hap-
   pened.

VOL. XIII — 27

4. SAME — LACK OF PROOF MAY BE SUPPLIED BY DEFENDANT'S TESTI-
   MONY.— In a suit by an assignee of such note, the introduction by
   defendant, after his motion for nonsuit had been denied, of the lease
   as a foundation for his affirmative defense, cured the failure of the
   plaintiff to prove the execution of the lease and possession there-
   under, and the error in refusing defendant's motion became harm-
   less.
5. QUESTIONS NOT RAISED BELOW NOT ASSIGNABLE AS ERROR.— The
   question as to the illegality of the lease, not having been urged in
   the court below, could not be assigned for error in the supreme
   court.

*Appeal from County Court of El Paso County.*

ACTION on a promissory note brought by the First
National Bank of Colorado Springs, Colorado, against
John Jennings and Mary A. Jennings. Judgment for
plaintiff. Defendants appeal.

Messrs. CAMPBELL & McINTYRE and CAGE & HOBSON,
for appellants.

Mr. J. L. WILLIAMS and Mr. H. B. O'REILLY, for ap-
pellee.

PATTISON, C. This action was begun before a justice
of the peace. November 19, 1885, judgment was recov-
ered by appellee, from which an appeal was taken to the
county court. January 25, 1886, the cause was tried by
the court, without a jury, and judgment rendered in
favor of appellee for the sum of $170, with costs. From
that judgment this appeal was taken.

Upon the trial appellee introduced in evidence a writ-
ten instrument, of which the following is a copy:

"$200. Colorado Springs, Colorado, May 21, 1885. On
October 1st after date I promise to pay to the order of
Obediah P. Hopkins, $200, at the El Paso County Bank,
Colorado Springs, Colorado, for value received. Nego-
tiable and payable without defalcation or discount, with
interest from June 1, 1885, at the rate of ten per cent.
per annum until paid. This note is given for part pay-

ment of rent of certain pasture fields, and is not to be paid unless I have the use of said premises, in accordance with a certain lease and agreement executed by said Hopkins and myself, of even date herewith. [Signed] John Jennings. Mary A. Jennings. Indorsed: Obe- diah Hopkins."

After the introduction of this instrument appellee rested its case, and thereupon the defendants moved for a judgment of nonsuit. The motion was overruled. The ruling of the court upon this motion is the first error assigned.

The grounds upon which the motion for nonsuit was based are not disclosed by the record. It appears, however, from the record that the motion was overruled after "argument by the counsel for the respective parties." Assuming that the reasons urged in support of the motion here were assigned by counsel in the court below, when the motion was made, the first question presented for consideration is whether the court erred in overruling the motion. The propositions discussed by appellants' counsel are: *First*, that the instrument was not negotiable at common law, nor assignable by indorsement, under the provisions of the statute of this state; and *second*, that the instrument being non-negotiable it was incumbent upon the plaintiff to prove its ownership of the instrument, and that there was a consideration to sustain it. In other words, the position of appellants' counsel is that appellee should have proven that it was the equitable assignee of the instrument in question, and also that the amount named therein was actually due, because appellants had had the use of the premises as provided by the lease therein mentioned.

The first question, therefore, to be considered is whether the instrument above set forth is negotiable at common law or under the statute of this state. The instrument is in form a promissory note, with a condition added. By the terms of the condition the consideration of the

note is declared to be " part payment of rent of certain pasture fields," and that it shall not be paid unless the makers have the use of the premises. This condition must be taken as a part of the note. The nature of the promise to pay must be determined by the construction of the instrument as a whole. Considered as an entirety it is clear that appellants' liability was dependent upon a contingency. The promise was therefore conditional. It could not be enforced unless it affirmatively appeared that the condition had been performed. The contingency was uncertain and might never happen. At the time the instrument was made, therefore, no promise or agreement was entered into by the makers that they would pay the sum of $200 unconditionally and in any event. That an instrument of this nature is not negotiable at common law is well settled. 1 Rand. Com. Paper, § 7; 1 Daniel, Neg. Inst. § 41.

Was this instrument negotiable under the statute of this state? Section 3 of that statute (Gen. St. ch. 9) provides that "all promissory notes, bonds, due-bills and other instruments in writing, made by any person, whereby such person promises or agrees to pay any sum of money * * * to any other person or persons, shall be taken to be due and payable to the person or persons to whom the said note, bond, bill or other instrument in writing is made." Section 4 provides that "any such note, bill, bond, or other instrument in writing, made payable to any person or persons, shall be assignable by indorsement thereon, * * * in the same manner as bills of exchange."

These sections of the statute have been construed by this court. In *Carnahan v. Pell*, 4 Colo. 190, it is held that "if an instrument, whether it calls for money or property, be not payable unconditionally, and at all events, it is not negotiable under the statute." *Eldred v. Malloy*, 2 Colo. 320. The case of *Kiskadden v. Allen*, 7 Colo. 206, cited by appellee's counsel, does not conflict

with this doctrine. The promise contained in the note sued upon in that case was not conditional. The money was to become due and payable in any event.

The statute cited is a substantial transcript of that of the state of Illinois relating to the same subject. The question presented by this case has been discussed and passed upon in numerous cases in that state. In the case of *Kingsbury v. Wall*, 68 Ill. 311, it is held that "it is indispensable that all bills of exchange or promissory notes, to be assignable under our statute or at common law, must be certainly payable, and not dependent on any contingency, either as to the event, or the fund out of which payment is to be made, or the parties by or to whom payment is to be made." In the case of *Baird v. Underwood*, 74 Ill. 176, the following instrument was held not to be negotiable: "St. Charles, Nov. 22, 1871. Six months after date I promise to pay to the order of Louis Klink the sum of $120, for value received, on condition said amount is not provided for as agreed by J. Updike. C. H. UNDERWOOD." In the case of *White v. Smith*, 77 Ill. 351, it is held that "to constitute a valid promissory note it must be payable at some time or other; though it may be uncertain when that time will come. When payable on a contingency, it makes no difference that the contingency does in fact happen afterwards, on which the payment is to become absolute; for its character as a promissory note cannot depend upon future events, but solely upon its character when executed." *Husband v. Epling*, 81 Ill. 172.

In the light of these authorities it is clear that this instrument was not negotiable. It was, therefore, not assignable by indorsement. It follows that appellee should have proven that it was the owner of the claim of which the instrument constituted the evidence, and that it was supported by a consideration. The lease, therefore, should have been introduced in evidence by the appellee, and should have been supplemented by proof of appel-

lants' possession under it, and their use of the premises in accordance with its provisions. In the absence of such proof, appellants were entitled to judgment of nonsuit. The overruling of the motion, therefore, was error, for which the judgment should be reversed, if defendants' counsel had elected to stand by his motion.

When the motion for nonsuit had been overruled, appellants sought to establish an affirmative defense, by the introduction of evidence to show that they had not had the use of the premises in accordance with the terms of the lease, and that the note, on that account, was not due. The agreement of lease referred to in the note was introduced by them, and testimony given tending to prove that certain promises and agreements had not been performed by the lessor. It appeared, however, that they entered into possession of the premises under the lease, and that they were in possession at the time the trial was had. When they rested, the plaintiff introduced evidence which tended to establish all the facts essential to recovery. No objection was made by appellants' counsel. It was shown that the instrument sued upon had been bought for a valuable consideration by appellee. The evidence also tended to prove that the covenants and agreements contained in the lease had been substantially performed. Upon this issue it cannot be said that the judgment was either contrary to the evidence or to the law. It has been held by this court that error in overruling a defendant's motion for a nonsuit is obviated by evidence, offered in his own behalf, which supplies the defect existing in plaintiff's proofs. *Railway Co. v. Henderson*, 10 Colo. 1. It has also been held that " where a motion for a nonsuit was improperly denied, but the defendant then introduced testimony enabling the plaintiff to supply the defect in his case, *Held*, that defendant thereby waived the objection." *Smith v. Compton*, 6 Cal. 24.

In the case at bar the omission of plaintiff to prove

the execution of the lease, and possession under it, was supplied by appellants, who introduced the instrument as the foundation of their affirmative defense. It is true that the parol testimony offered by appellants tended to prove that the condition had not been performed. Nevertheless, when they rested, appellee was permitted, without objection, to introduce evidence in rebuttal, and to supply defects in its case by showing the performance of the contract, and that the money claimed was therefore due and payable. It is clear that under the authorities cited the error in overruling the motion for a nonsuit was waived, and cannot now be urged in this court.

It is argued by counsel for appellants that the judgment should be reversed for the reason that the consideration of the note sued upon was illegal, because the lease in question was a violation of the act of congress of February 25, 1885, entitled "An act to prevent unlawful occupancy of public lands." 23 U. S. St. 321.

This question seems to be presented for the first time in this court. The lease claimed to be illegal was introduced by appellants themselves. Its illegality was not urged in the court below, and is not assigned for error in this court. It follows that the question is not before the court, and cannot be considered.

The judgment should be affirmed.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*