## Samuel Kerr v. Charles Goetz.

1. Special Findings—*Probative Facts.*—Where a probative fact is merely *prima facie* evidence of the fact to be proved, the proper deductions to be drawn from it present a question of fact and not of law, requiring further action by the jury; it can not be made the basis of any action by the court.

2. SAME—*Presumptions in Favor of the Verdict.*—All reasonable presumptions will be entertained in favor of the verdict, while nothing will be presumed in aid of the special findings of fact.

3. VERDICTS—*And Special Findings Inconsistent.*—The inconsistency between the verdict and the special finding must be irreconcilable, so as to be incapable of being removed by any evidence admissible under the issues.

Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed March 13, 1900.

FREDERICK A. WILLOUGHBY, attorney for appellant.

ARND & ARND, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The question to be determined in this case is thus stated by appellant's counsel:

" The matters which could be urged upon a motion for a new trial are not presented to the attention of the court for the reason that the motion for new trial was withdrawn, and the only question presented upon this record is the error of the court in refusing to enter judgment for defendant upon this special finding of the jury."

The suit is brought upon appellant's alleged acceptance of a paper which in the first count of the declaration is described as a bill of exchange, and in the second is set out in full. It consists of a bill for stone made out by appellee against " Heidenbluth Bros. for Mr. R. H. Rudolph " for $1,585.04, which is marked " O. K.—Heidenbluth Bros.," and below appears the following: "Mr. Kerr. Please pay this bill and charge the same amount on Heidenbluth contract. Yours, R. H. Rudolph."

The declaration alleges that appellant accepted the order, promised to pay the same, and that he did then and there pay $1,000 thereof, and agreed to pay the balance in one week.

Appellant contended that the paper was not a bill of exchange, but was drawn on and accepted by appellant as

trustee of a building loan and not upon the individual credit of Rudolph, the maker of the loan and drawer of the order; that as it was not a bill of exchange, the parol acceptance and promise to pay the balance thereof, was not binding under the statute of frauds, and hence the special finding is irreconcilable, and inconsistent with the general verdict, and judgment should have been entered for appellant on the special finding.

The special findings are as follows :

" At the time of the presentation of the order and the payment of $1,000 by Mr. Kerr, did or did not Mr. Kerr promise the plaintiff to pay the remainder of said order ? Answer. Yes."

" Did Mr. Kerr promise to pay the order of Mr. Rudolph as an individual or as trustee of the building loan made to Rudolph ? Answer. Trustee."

The statute provides (Rev. Stat. Chap. 110, Sec. 58c) that " when the special finding of fact is inconsistent with the general verdict the former shall control the latter, and the court may render judgment accordingly." It is the second finding upon which appellant bases his contention that the trial court should have rendered judgment in his favor, notwithstanding the general verdict against him. It is said that by their answer, that appellant promised to pay the order as trustee of the building loan to Rudolph, the jury found the alleged bill of exchange was merely an order on a special fund and its acceptance was only in a representative capacity; and hence it follows the order was not a bill of exchange at all; citing Munger v. Shannon, 61 N. Y. 251 (258); Gillilan v. Myers, 31 Ill. 525, and other like cases. But it is not, we think, clear that the special finding should be construed to mean that the order was drawn only on a special fund, or that it was accepted only in a representative capacity. The finding does not go to that extent. It does not follow that the jury would have found in the affirmative, in answer to specific questions upon those points. The order itself is not a request to pay out of any specific fund, nor does it appear on its face to be drawn upon appellant in any representative capacity. The

acceptance of such an order generally implies the existence of a fund or obligation, but this is true also where the relation is that of debtor and creditor, and the former accepts generally a draft drawn by the latter. That appellant, as trustee of a building loan made to Rudolph, promised to pay the order, may give rise to the inference that he meant to fulfill the promise out of the loan. But it is only an inference; it is not the finding itself, nor is it a necessary result from the finding. " Doubtless a probative fact from which the ultimate fact necessarily results would be material, for there the court could infer such ultimate fact as a matter of law. But where the probative fact is merely *prima facie* evidence of the fact to be proved, the proper deductions to be drawn from the probative fact present a question of fact and not of law, requiring further action by the jury, and it can not, therefore, be made the basis of any action by the court." C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132 (143). The fact as found, that appellee promised to pay as trustee, may tend to prove that he intended to pay the order out of a special fund, but it does not actually so prove, and it is not, therefore, in any legal sense inconsistent with the general verdict. In determining the question of inconsistency, this court can not look at the evidence. All reasonable presumptions will be entertained in favor of the verdict, while nothing will be presumed in aid of the special findings of fact. The inconsistency must be irreconcilable, so as to be incapable of being removed by any evidence admissible under the issues. Independent Dryer Co. v. Livermore Foundry Co., 60 Ill. App. 390 (394); C. & N. W. Ry. Co. v. Dunleavy, above referred to.

For the reasons indicated, it must be held that the special finding of fact is not necessarily inconsistent or irreconcilable with the general verdict. The latter, therefore, must control, and the trial court committed no error in so holding.

The judgment of the Superior Court is therefore affirmed.