## JOHN LEE, JR. v. W. G. SPENCE.

Western Section.   October 12, 1927.

No petition for Certiorari was filed.

1. **Bills and notes. Note stating on its face that it was for rent held negotiable.**
   Where the note stated on its face that it was for rent of a certain farm held that this statement did not destroy the negotiability of the note.

2. **Liens. Chapter 71 of the Acts of 1923, did not repeal act of 1899, relative to landlords' liens.**
   Held that chapter 71 of the Acts of 1923, relative to landlords' liens did not repeal the Act of 1899.

3. **Liens. Evidence. Evidence held sufficient to show landlords lien.**
   Where defendant purchased cotton from the tenant held that he was liable to the assignee of the rent note under chapter 71 of the Acts of 1923.

4. **Bills and notes. Satisfaction. A note is discharged when the present debtor becomes the holder of the note at or after maturity.**
   In the instant case held that the note was never held by the debtor in his own right and therefore was not discharged.

5. **Appeal and error. Where charges of the court are not copied in the transcript it is presumed they were proper.**
   Where no charges of the court are copied in the transcript it is presumed by the appellate court that the issues were properly submitt'd to the jury.

Appeal in Error from Circuit Court, Lauderdale County; Hon. R. B. Baptist, Judge.

Affirmed.

Craig & Durham, of Ripley, for plaintiff in error.

W. C. Patton, of Halls, for defendant in error.

OWEN, J.   John Lee, Jr., has appealed from a judgment rendered in the circuit court of Lauderdale county in favor of W. G. Spence for $446.86.

John Lee, Jr., is a cotton buyer at Gates, in Lauderdale county, Tennessee, and he purchased $446.86 worth of cotton during the

fall of 1925, which cotton was raised by a tenant by the name of
W. H. Owens, on the lands of C. S. Spence, in Crockett county,
Tennessee. The tract of land was known as the Jordan farm. C.
S. Spence, the owner of the tract of land of 50 acres, and his
father I. L. Spence, were partners, engaged in farming under the
style and name of "I. L. Spence & Son." On November 20, 1924, I.
L. Spence & Son executed the following note:

"$500.

"On or before the first day of November next we or either of us
promise to pay to C. S. Spence, or order $500 for rent of my fifty
acres of land known as the Jordan farm."

This note was signed "I. L. Spence & Son" and underneath the
signature of I. L. Spence & Son appears the name "C. S. Spence."

After this note was executed C. S. Spence endorsed it in blank.
I. L. Spence took the note to a bank in Trenton and used it as
collateral and borrowed some money. This loan to the Trenton
bank was repaid.

After this indebtedness to the Bank of Commerce of Trenton,
Tennessee, it appears to have been the indebtedness of the firm
of I. L. Spence & Son, I. L. Spence acting for himself and with
the consent of C. L. Spence, sold the note to the plaintiff, Dr. W. G.
Spence, who is a brother of I. L. Spence. The note in controversy
was sold to W. G. Spence in May, 1925. It appears that the partner-
ship of I. L. Spence & Son rented this tract of land known as the
Jordan tract to W. H. Owens for the year 1925, Owens agreeing
to pay one-third of the crop raised as rent. He made a cotton crop
on the land in 1925 and sold the defendant $446.86 worth of the
same. Owens paid one-third of this amount to I. L. Spence & Son,
or to I. L. Spence, and retained two-thirds of the cotton sold as
Owen's part of the crop. The facts are undisputed. The issues were
submitted to a jury and it found in favor of the plaintiff.

The plaintiff testified that he knew nothing about the contract
that I. L. Spence & Son had made with W. H. Owens. The plaintiff
further testified that in the fall of 1925, he visited the farm and
began to try to collect the rent note, but was unable to do so;
that he took the matter up with I. L. Spence & Son, or I. L. Spence
representing said partnership, and I. L. Spence promised from
time to time to have the cotton raised on the tract of land covered
by the rent note sold' and the money paid to plaintiff on the rent
note.

The plaintiff further testified that he visited the purchaser, John
Lee, Jr., the defendant, who admitted that he had purchased from
W. H. Owens the cotton that grew on the land during the year 1925
at the sum of $446.86, but Lee refused to pay until plaintiff brought
suit so that Lee might recover from I. L. Spence & Son in the event

he had to pay plaintiff. Plaintiff further testified that he did not know the cotton had been removed from the farm or sold until after the same had been sold to the defendant; that he never consented, directly or indirectly to the sale of this cotton. It further appears that I. L. Spence needed some money to pay on a land note; that he induced his brother, the plaintiff, to purchase the rent note in May, 1925.

The defendant seasonably filed a motion for a new trial in the lower court, which was overruled and disallowed. Proper exceptions were made thereto, an appeal was perfected to this court and the defendant has filed numerous errors in this court.

Learned counsel for the defendant, however, correctly state in their brief and argument, that all of the assignments of error can be argued under one assignment of error, that there is no material evidence to support the verdict of the jury; and by this assignment of error the defendant raises the following propositions: (1) that the note sued on is not a negotiable promissory note; (2) that the tenant Owens had rented the land upon which the cotton was grown from the owner of the land prior to the plaintiff's acquisition of the note, and that when Owens discharged and paid in full his rent to his landlord, the payment of the rent, and the fulfillment of the contract by the tenant Owens discharged and satisfied any landlord's lien which might be assessed upon the cotton raised by the said Owens and purchased by the defendant, and the defendant was entitled to plead any equities existing between Owens and the person from whom Owens rented the land; (3) that by reason of C. S. Spence, the payee of said note, endorsing the same to I. L. Spence, that all the rights and liabilities of C. S. Spence became vested in I. L. Spence. Thereupon said note was satisfied and discharged and was not subject to further negotiation or transfer, and no rights or lien against the cotton purchased by the defendant existed by reason of said note; (4) the plaintiff had no lien upon or against the cotton purchased by the defendant, (5) plaintiff waived his lien.

We will first dispose of the question of whether or not this was a negotiable note. Counsel for plaintiff has cited and relies upon the case of Hight v. McCullough, 150 Tenn., 117. In that case it was held that the purchaser of non-negotiable rent notes took them as an assignee subject to the existing equities between maker and payee.

We are of opinion, however, that the notes executed by Hight are distinguished from the note executed in the instant case. Each of the notes sued on in Hight v. McCullough had the following provision: "(a) each of the notes sued on showed on its face that it was given for rent of house No. —— street, for a certain month

as per contract of even date herewith. This note void in case the property is destroyed before maturity.'' Mr. Justice Malone, speaking for the court, said: ''We need not decide whether conceding the note to be negotiable, mere knowledge of an existing lease at the time of the purchase would make the holder subject to the equities between the parties. It may be observed, however, in passing, that the doctrine of constructive notice, which so long obtained in this State, has been abolished by the Negotiable Instrument Act. Corinth Bank & Trust Co. v. Security Nat'l Bank, 148 Tenn., 136, 252 S. W., 1001: There is a decided conflict of authorities where the use of the words 'as per contract' in the face of a promissory note makes it non-negotiable.'' . . .

''We have found no case in which the note contained this exact language, but the case of Jennings v. First National Bank (1880), 13 Colo., 417, 22 Pac., 777, 16 Am. St. Rep., 210, is analogous.

''There the note in question read as follows:

'' '$200.

'' 'Colorado Springs, Colo., May 21, 1885.

'' 'On October 1st after date I promise to pay to the order of Obediah P. Hopkins, $200, at the El Paso County Bank, Colorado Springs, Colorado, for value received. Negotiable and payable without defalcation or discount, with interest from June 1, 1885, at the rate of ten per cent per annum until paid. This note is given for part payment of rent of certain pasture fields, and is not to be paid unless I have the use of said premises, in accordance with a certain lease and agreement executed by said Hopkins and myself, of even date herewith.'

''This instrument was held to be non-negotiable—the circuit court citing Daniel on Negotiable Instruments, section 41 and other authorities.''

The Negotiable Instrument Act, it may be observed, is merely declaratory of the law merchant on this point. First National Bank of Hutcherson v. Lightner (1906), 74 Kan., 736, 88 Pac., 559.

We have examined the other authorities cited in regard to the non-negotiability of the instrument sued on, but we are of opinion that the note sued on evidences the unconditional promise to pay as required by the Uniform Negotiable Instrument Act. Shannon's Code, sec. 3516a9, subsec. 2.

It results that we hold that the note sued on is a negotiable note; that the claim that it is non-negotiable and that the plaintiff holds it as a mere assignee is not supported by the record and this contention is overruled.

As to whether or not there was a lien on the cotton raised by the tenant Owens in favor of the plaintiff, the latest statute touching landlord's liens is chapter 71 of the Acts of 1923. It is insisted

that the Supreme Court of Tennessee in construing this act in the case of Hunter v. Harrison, 288 S. W., p. 355, held that the Act of 1899 relative to landlord's liens was repealed by the Act of 1923, An examination of the case of Hunter v. Harrison, supra, opinion by Justice Chambliss, shows that the Supreme Court of Tennessee does not hold that the Act of 1923, chapter 71 repeals the Act of 1899, but holds that the real intention of the legislature will always prevail over literal interpretation of terms of statute and in whatever language a statute may be framed its purpose must be determined by its natural and reasonable effect. In the case of Hunter v. Harrison, supra, it was held that a factor who sold the tenants cotton and applied the proceeds to a debt owing by the tenant to the factor was a purchaser under and by virtue of the Acts of 1923, chapter 71, and the Act of 1899, chapter 22; and one who took a lien-encumbered crop from a tenant, and sold it and appropriated the proceeds to his own use was held to be a purchaser.

Chapter 71 of the Acts of 1923, section 1 and 7 (which are applicable to the instant case) are as follows:

"Sec. 1. Landlords and those controlling land by lease or otherwise, shall have a lien on all crops grown on the land during the year, for the payment of the rent for the year, whether the contract of renting be verbal or in writing and this lien shall inure to the benefit of the assignee of the landlord or persons controlling land.

"Sec. 7. Purchaser with or without notice of crops subject to the liens aforesaid, shall be liable to the lien holder for the value of the crop so purchased if the crop is delivered to such purchaser before July 1st, after the crop year, provided the lien holder must bring his suit against the purchaser within one year from the date of the delivery of the crop to said purchaser."

The law relative to landlord's liens prior to the Acts of 1923 are set out in Shannon's Code, as follows:

Under section 5299 of Shannon's Code of Tennessee is the following statement:

"Any debt by note, account, or otherwise, created for the rent of land, is a lien on the crop growing or made on the premises in preference to all other debts from the date of the contract."

Under section 5302 the law is, that any person entitled to the rent may recover from the purchaser of the crop, or any part of it, the value of the property, so that it does not exceed the amount of the rent.

Section 5302a2, any person entitled to rent may recover from the purchaser of the crop or any part of it, the value of the property so that it does not exceed the amount of the rent and damages.

The Supreme Court in the case of Biggs & Moore v. Piper & Son, 2 Pickle, 589, speaking through Mr. Justice Fowlkes, in holding a purchaser liable to the landlord for the value of a tenant's crop which the defendant had purchased, said:

"A purchaser from the tenant of a crop which is subject to the lien for rents, is liable to the assignee of the rent note for any amount due thereon not exceeding the value of the crop."

We are of opinion that under the Acts of 1923, chapter 71 the plaintiff had a lien on the crops raised by the tenant Owens and sold by Owens to the defendant, and defendants contention that there is no lien is overruled.

It is next insisted that this note had was satisfied when C. S. Spence, the payee endorsed same in blank and delivered it to his father I. L. Spence, and that all of the rights and interest of C. S. Spence thereupon became vested in I. L. Spence.

We must take into consideration the fact that three parties are interested in the note sued on, or held by the plaintiff prior to its coming into the hands or possession of the plaintiff, viz.: C. S. Spence, the payee and the owner of the Jordan farm; (2) I. L. Spence & Son, a partnership composed of I. L. Spence, the father, and C. S. Spence, the son, the makers of the note, and who rented the property from C. S. Spence; (3) I. L. Spence individually.

The proof shows that C. S. Spence endorsed the note in blank, in which he was the payee and which had been executed by I. L. Spence & Son, and after he made this endorsement he let his father I. L. Spence have the note for the purpose of using it, whereby I. L. Spence could borrow money for his own use. The note was never the property of I. L. Spence individually or I. L. Spence & Son, as shown by the evidence submitted to the court and jury. There is no charge copied in the transcript, so it is presumed that the issues were properly submitted to the jury and that this defense of cancellation or satisfaction was submitted to the jury and the jury returned its verdict against the defendant's contention along this line, and we find proof showing that the note was never cancelled prior to its being purchased by the plaintiff. The plaintiff had no notice of the transaction between C. S. Spence, the holder and I. L. Spence & Son, the makers. So we hold that the note was in full force at the time the plaintiff purchased the same and that it had not been paid, discharged or cancelled.

A note is discharged when the present debtor becomes the holder of the note at or after maturity. Shannon's Code, section 3516a127, par. 5.

It is next insisted that the plaintiff waived his lien or his right to hold the defendant liable for the purchase of the crop. It appears that W. H. Owens was a subtenant. He rented the land from

I. L. Spence & Son, agreeing to give one-third of the crop raised by the tenant Owens to I. L. Spence & Son. Owens testified he discharged his obligation by selling the cotton to the defendant and depositing one-third of the proceeds of the crop in the bank to the credit of I. L. Spence. This tenant knew in April, 1925, a month before the plaintiff purchased the note that this note for $500 had been executed by I. L. Spence & Son and was the property of C. S. Spence. In fact, he had been asked to sign the note with I. L. Spence & Son, but he refused to do so. Plaintiff testified that he notified the subtenant Owens that he held the rent note and that he made demands on both I. L. Spence & Son and their subtenant W. H. Owens for the payment of the rent during the fall of 1925. The plaintiff testified he did not agree to any sale of the cotton and it was sold without his knowledge or consent.

We are of opinion that, under the facts, the plaintiff did not waive his lien by any act or conduct on his part. The record shows that the defendant stated that he required the plaintiff to establish his claim in a court of law so that the defendant would have recourse upon Owens and I. L. Spence & Son.

We are of opinion that there is no error in the judgment of the lower court. All of the insistences of the defendant and all of the assignments of error have been carefully considered by this court and are overruled and disallowed. The judgment of the lower court is affirmed. The plaintiff will recover of the defendant the amount of the judgment rendered in the lower court with interest thereon from the date of its rendition and the cost of the cause, for which execution will issue. Execution will issue against the defendant John Lee, Jr., and his sureties on appeal bond for all of the cost of the cause, including the cost of appeal.

Heiskell and Senter, JJ., concur.