## JANE H. HORR
### v.
## FRANK SLAVIK

*Mechanic's Liens—Building  Contract—Rescission—Waiver—Evidence.*

1.   A mechanic's lien can not be enforced upon premises where a given contract was to have been performed  where no part of the labor has been

done and no part of the materials used, when the same is rescinded by the owner.

2.  Work done and materials furnished without such owner's consent after notice of rescission  do not affect the general rule.

3.  In such case the contractor's remedy is confined to an action for damages for breach of the contract.

[Opinion filed December 24, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Oliver H. Horton, Judge, presiding.

Messrs. C. E. Cruikshank and Frank H. Atwood, for appellant.

Messrs. A. B. Baldwin and Frank L. Salisbury, for appellee.

Garnett, J.    Assuming that a contract was made in December, 1886, between Slavik and Horr, by the terms of which the former agreed to perform certain work, and furnish materials, in the erection of buildings of the latter then in process of construction, still we think Slavik's petition for mechanic's lien can not be maintained, but that he is confined to an action for damages for breach of the contract.    There is no denial of the fact that before any work was done on the building by Slavik, and before any of the materials which he claims to have agreed to furnish were delivered at the premises, he was notified by Mrs. Horr's agent that he must not go any further in the matter, as the contract had been let to other contractors.

Without deciding whether this action of appellant was right or wrong, there is nothing in the facts of this case to distinguish it from that class of authorities which hold that when one party to an executory contract gives the other notice of rescission, the latter can not persist in executing his part of the contract and charge the former with consequences that would follow complete execution before notice of rescission. " A party has a right to break his contract, on the terms of being liable for the damages which will accrue for the same

at the time he elects to exercise that right. And it is the duty of the other party, when notified thereof, to exert himself to make the damages as light as possible." 1 Sutherland on Damages, 177; Dillon v. Anderson, 43 N. Y. 231; Hosmer v. Wilson, 7 Mich. 304; Collins v. Delaporte, 115 Mass. 159.

The case is not within Sec. 11, Chap. 82, Rev. Stat. No provision is made in that section for a lien in any case when no part of the labor has been done on, nor any part of the materials attached to, the premises. Here a small fraction of the materials alleged to be embraced in Slavik's contract were connected by him with the building soon after notice of the rescission. But that does not help this case. When no part of the labor had been done and no part of the materials used on the premises where the contractor was to perform his contract, there can be no lien. Hunter v. Blanchard, 18 Ill. 318.

He can be in no better situation when he partially executes his contract, as before stated, after notice of rescission. No waiver of the rescission can be implied against appellant, because she had the materials so attached to the buildings removed therefrom as soon as she was notified thereof. The decree is reversed and remanded.

*Reversed and remanded.*