### Thorn v. Danzinger et al.

1. CONTRACTS—*Right to Break.*—A person has the right to break a contract for the purchase of goods upon the terms of being responsible to the other party for the profits he would have made by it, and what- ever loss there was upon so much as he had done toward the execution of it.

2. CONTRACT—*Right to Break—Illustration.*—Appellant gave appel- lee an order for some shoes to be made after a given sample. A few

days subsequently he countermanded the order. Appellee refusing to accept the countermand, made the shoes and sent them to appellant, who sent them back. Appellee refused to receive them and the carrier stored them in a warehouse. Appellee then sued for goods sold and delivered. *It was held*, that he could not recover in that form of action, as the appellant, for a breach of his contract, was liable for damages occasioned by the breach, and not for the price of goods sold and delivered.

3. CONTRACTS—*Delivery vi et Armis.*— Sending goods to a person against his will is not such a delivery as binds him to accept them. A contract can not be specifically performed *vi et armis.*

4. DAMAGES—*Consequential—Must be Specially Pleaded.*—Consequential damages upon the breach of a contract can not be recovered without a special count upon the contract with proper allegations.

**Memorandum.**—Action of assumpsit. Declaration for goods sold and delivered; common counts with affidavit; plea of general issue with affidavit of merits. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1893. Opinion filed April 6, 1893.

The statement of facts is contained in the opinion of the court.

W. W. RATHBUN, attorney for appellant.

JOHN P. AHRENS, attorney for appellees.

OPINION OF THE COURT, GARY, P. J.

The parties agree that in January, 1892, the appellant gave to the appellees an order for some shoes, to be manufactured by the appellees, like some samples. Shortly thereafter, whether within five or fifteen days is disputed, the appellant countermanded the order. The appellees refused to accept the countermand, and whether there was any subsequent arrangement by which the countermand was withdrawn is disputed; but the probability is that it was not.

Yet the appellees went on and made the shoes; sent them to the appellant, and he sent them back. The appellees refused to receive them, and the carrier stored them in his own warehouse.

The appellees sued for goods sold and delivered, and the court instructed the jury for them as follows:

" If the jury believe from the evidence that the defendant gave the plaintiffs an order for the goods in question, and that the plaintiffs accepted said order, and that the goods in question were sold by the plaintiffs to the defendant by sample, at a price agreed upon between the plaintiffs and defendant, and that the plaintiffs delivered the goods to the defendant, and that the goods so delivered to the defendant corresponded with the sample of the goods by which they were sold (if the jury believe from the evidence they were sold by sample), then the court instructs the jury as a matter of law, that the plaintiffs are entitled to recover in this action the price of the goods so agreed upon by the plaintiffs and defendant as aforesaid (if the jury believe from the evidence that the price was agreed upon); and upon the facts above supposed, if the jury believe from the evidence that they are facts, the defendant had no right to countermand his order for the goods, or to return the goods to the plaintiffs."

This was error. The appellant had the right to break his contract upon the terms of being responsible to the appellees for the profits they would have made by, and whatever loss there was upon, so much as they had done toward the execution of the contract. Horr v. Slavik, 35 Ill. App. 140.

Those damages can not be recovered without a special count upon the contract. Brand v. Henderson, 107 Ill. 141.

Sending the goods to the appellant against his will, was no delivery that bound him to accept them. Contracts can not be specifically performed *vi et armis*.

The judgment is reversed and the cause remanded.