### H. A. Dustin et al. v. John Schroeder et al.

1.   MECHANIC'S LIEN—*Sale of the Premises Before the Completion of
the Work.*—The owner of premises undergoing repairs sold the same,
notified the mechanics to discontinue their work and paid them sufficient
to cover the work done up to the time of the sale.   *Held*, that he could
not be held for work done on such premises after the sale.

Action to Enforce Mechanic's Lien.—Appeal from the Circuit Court
of Henry County; the Hon. FRANK D. RAMSAY, Judge, presiding.
Heard in this court at the October term, 1901.   Affirmed.   Opinion filed
January 24, 1902.

T. H. CHESLEY and N. F. ANDERSON, attorneys for ap-
pellants.

WILSON & MOORE, attorneys for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.
This is an action to enforce a mechanic's lien brought by
appellants against appellees.   The petition states that appel-
lants, Dustin and Kelly, are plumbers in the city of Ke-
wanee; that on or about November 10, 1899, they made a
contract with John Schroeder and Andrew Hallin to do
certain plumbing work in a building owned by Schroeder and
Hallin in said city, and to furnish the material therefor;
that said work was to be performed within a reasonable

time, to wit, within one year from the date of the contract, and that appellants were to be paid for labor and materials what they were reasonably worth as soon as the work was completed; that said work was completed and accepted within the time stipulated, but that the same has not been paid for; that a claim for a lien was filed in the office of the clerk of the Circuit Court within four months after the last payment became due, and that there is due and unpaid $239.33. The petition also states that Rhoda E. Heaps, Israel G. Heaps, Clarence Heaps and Warren Heaps have, or claim to have, an interest in the premises, and they, together with Schroeder and Hallin, are made parties defendant. By their answer Schroeder and Hallin admit that prior to November 23, 1899, they were the owners and in possession of the premises named, but aver that on said date they sold the same and gave possession thereof to Rhoda E. Heaps. They further admit that appellants did some plumbing work on the premises and furnished some material therefor, but aver that there was no special contract, the work being done by the day, and that as soon as said sale was made they settled in full with appellants for all the work done and material furnished up to that time, and that they are not chargeable for work done or material furnished after that time.

The other defendants answered, stating that Rhoda E. Heaps purchased the premises from Schroeder and Hallin November 23, 1899, paid for the same and received a warranty deed, and denying that they, or either of them, are indebted to appellants. The master in chancery, to whom the case was referred, found in favor of appellees.

The court upon the hearing overruled the exceptions which had been filed to the master's report, confirmed the report and dismissed the petition. The petitioners below appeal.

The proofs show that Schroeder and Hallin, being about to rent premises owned by them to appellees Clarence and Warren Heaps, for a laundry, engaged appellants to do certain plumbing work desired by the proposed tenants. Shortly after Clarence and Warren Heaps took possession of the premises, negotiations were entered into by Israel G.

Heaps on behalf of his wife, Rhoda E., they being the father and mother of Clarence and Warren, with Schroeder and Hallin, for the purchase of the premises. The trade was consummated on November 23, 1899, and on that date Schroeder and Hallin went to an attorney's office and had a deed made out for the premises to Rhoda E. Heaps. Some controversy having arisen as to the terms of payment, the deed was not acknowledged and recorded until some time later. The parties, however, treated the sale as having taken effect on the day of the date of the deed, November 23, 1899. There was also proof showing that Schroeder and Hallin, on the way to the attorney's office to make the deed, saw appellant Kelly and told him to stop the work, as they had sold the building. Afterward Schroeder and Hallin paid appellants $75, and such amount was sufficient to cover the work done up to the time of the sale of the premises. The question whether Schroeder and Hallin had a right to rescind the contract with appellants does not arise here. Appellants furnished a bill and notified Schroeder and Hallin of the amount due them for work up to the time of the rescission. The proof also shows that when Kelly asked Clarence Heap, after the sale, what he had better do in regard to the plumbing, Clarence told him to go right on and finish it, as he had started, and that Kelly, relying on the authority so given, did go ahead with the work and completed it. Under such circumstances appellants could not hold Schroeder and Hallin for the work done after the sale. Horr v. Slavik, 35 Ill. App. 140.

The only remaining question is whether Rhoda E. Heaps became liable to pay appellants for the work done after Clarence told Kelly to go on. There is no evidence in the record tending to show that Clarence represented his mother in directing the work to be continued, and in the absence of proof to that effect he could not bind her or her property. We are therefore of opinion that appellants were not entitled to a lien upon the premises described in the petition for the work done by them, and the decree of the court below dismissing the petition is accordingly affirmed.