## Consolidated Ribbon & Carbon Company, Defendant in Error, v. Crane Company, Plaintiff in Error.

### Gen. No. 18,295.

1. MUNICIPAL COURT OF CHICAGO, § 28*—*when propositions of law are not necessary to a review.* In an action in the Municipal Court of Chicago, propositions of law need not be submitted in order to save questions of law for review.

2. SALES, § 331*—*when purchase price not recoverable on countermanded order.* Where on an executory contract of the sale of standard goods having a market value, the title not passing, the buyer countermands the order before anything was done thereunder by the seller, the seller electing to keep the contract alive cannot tender the goods at the time for delivery and upon their rejection recover the purchase price therefor.

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed November 24, 1913.

ASHCRAFT & ASHCRAFT, for plaintiff in error; CHARLES F. RATHBUN, of counsel.

SABATH, LEVINSON & STAFFORD, for defendant in error; LEO W. HOFFMAN, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The defendant in error, hereinafter called plaintiff,

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

brought suit in the Municipal Court of Chicago against the plaintiff in error, hereinafter called defendant, for $127.50. The cause was submitted to the court, who found for the plaintiff and entered judgment for the amount claimed.

The facts are undisputed. On November 12, 1910, the defendant ordered from the plaintiff certain merchandise to be shipped to San Francisco January 3, 1911. On November 18, 1910, the defendant cancelled the said order, but the plaintiff, without any recognition of the withdrawal of the order, on January 3, 1911, shipped said goods to the defendant at San Francisco. The defendant refused to accept the same and held the merchandise subject to the plaintiff's order. The evidence further showed that the said merchandise was standard goods and had a market value.

The plaintiff insisted upon payment of the order, and the defendant refusing, brought suit to recover the purchase price of the said goods.

The plaintiff first urges that no question of law can be considered here because no proposition of law was submitted to the trial court. The rule invoked does not apply to a review here of this judgment in the Municipal Court. *Siegmund v. Strackbein,* 140 Ill. App. 454; *City of Chicago v. Bartels,* 146 Ill. App. 180; *Lanski v. Chicago & N. W. Ry. Co.,* No. 17,620 (June 30, 1913), *ante,* 181 Ill. App. 565.

The plaintiff's contention is that it has the right to recover the purchase price of the said goods under the rule of law announced in *Bagley v. Findlay,* 82 Ill. 524; *Lake Shore & M. S. R. Co. v. Richards,* 152 Ill. 59; *Osgood v. Skinner,* 211 Ill. 229; *Comstock v. Price,* 103 Ill. App. 19; *Olson v. Wabash Coal Co.,* 126 Ill. App. 253; *International Filter Co. v. Hartman,* 141 Ill. App. 239, as laid down in *Ames v. Moir,* 130 Ill. 582, on pages 591 and 592 as follows: "What are the rights of a vendor of goods where the vendee refuses to pay upon delivery or an offer to deliver goods? This question arose in *Bagley v. Findlay,* 82 Ill. 525, and this court

held that the vendor had three remedies: First, the vendor may store the goods for the vendee, give notice that he has done so, and then recover the full contract price; second, he may keep the goods, and recover the excess of the contract price over and .above the market price of the goods at the time and place of delivery; third, the vendor may sell the goods to the best advantage, and recover of the vendee the loss, if the goods fail to bring the contract price. The same rule is laid down in Benjamin on Sales (2d ed.), sec. 788.''

This is a general rule of law in this State. It appears, however, that there are certain situations in the application of the rule that make the case at bar clearly distinguishable from the cases relied upon by the plaintiff. In the case at bar there was a countermand of the order by the defendant before anything was done thereunder by the plaintiff; the plaintiff declined to accept the withdrawal of the order; the contract was an executory one and the title to the goods did not pass; and, further, they were standard with a market value. That the plaintiff can recover damages is obvious. But the question here presented is, where the buyer repudiates a contract for the purchase of standard goods with a market value, before anything is done in performance of the contract, and the seller elects to keep the contract alive, can the seller at the time appointed in the contract for delivery tender the goods and upon their rejection by the buyer maintain an action for the purchase price thereof.

On an examination of the cases relied upon by the plaintiff it will be found that none present a similar state of facts to the case at bar. Here the order was countermanded; the contract was an executory one; the title to the goods did not pass .nor was the attempted execution of the contract by the plaintiff against the defendant's previous express renunciation thereof such as to pass the title; and further, the goods were standard with a market value.

In *Kadish v. Young*, 108 Ill. 170, there is an interest-

ing and exhaustive discussion of the rule for the measure of damages, which we think applicable to the facts in the case at bar. In that case there was a purchase of barley for future delivery. The day after the purchase the buyer repudiated the contract. The court held that the seller had the right to wait until the day for the delivery of the barley under the terms of the contract, and upon the buyer's failure to receive and pay for the same to resell it on the market and recover the difference between the contract price and the market value on the day it was to have been delivered. In *Thorn v. Danzinger*, 50 Ill. App. 306, suit was brought to recover the purchase price of goods delivered after a countermand of the order. The Court there held such an action could not be maintained and said: "Sending the goods to the appellant against his will was no delivery that bound him to accept them. Contracts can not be specifically performed *vi et armis*." Mechem on Sales, vol. 2, sec. 1092, in reference to the point in question says: "The contract is not rescinded but broken. While the other party has the right to deem it in force for the purpose of recovery of his damages, he is under no obligation for that purpose to tender complete performance, nor has he the right to unnecessarily enhance the damages by proceeding, after the countermand, to finish his undertaking. His remedy will be an action for the breach of the contract and not for goods sold or for labor and materials; and he is entitled to pursue his remedy at once, the direction of the defendant not to proceed being equivalent for this purpose to an absolute physical prevention by the defendant."

Also section 1689: "Where, however, before the title has passed or the goods have been delivered, and also where, though the title had passed, the law permits the vendor to treat the contract as rescinded and the title as revested in himself, the remedy of the seller for the buyer's neglect or refusal to accept the goods and pay for them is, not an action for the price,

but an action to recover damages for the breach of contract."

Also section 1699: "As has been already seen, one party to an executory contract has always the right, subject to the obligation to pay damages to the other, to stop the performance of the contract whenever for any reason he deems it to his interest to terminate it, and the other party is not at liberty to proceed, thereafter, with the performance in order to enhance the damages to be paid."

In *Acme Food Co. v. Older* (64 W. Va. 255), 17 L. R. A. (N. S.) 807, the Court held, in an exhaustive discussion of the question, that there could be no recovery of the purchase price of the goods under an executory contract. In a note on page 808, "Right of seller, upon breach of an executory contract, to maintain an action for the contract price," is an interesting collection of cases to which we especially refer. See also 24 Am. & Eng. Encyc. of Law (2nd Ed.) 1113.

In the ordinary course of business it may seem necessary to a party to refuse to carry out the terms of a contract in order to protect himself from unusual losses, with a liability, of course, to the other party for the damages by him sustained. To hold that under ordinary circumstances, such as in the case at bar, the measure of damages is the purchase price of the goods, would be to sustain an action not for damages, but to enforce the specific performance of the contract, which the courts, under well established rules, repeatedly decline to do.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*