## A. L. Bronson, Defendant in Error, v. Luella M. Wilson, Plaintiff in Error.

### Gen. No. 19,093.

1. BILLS AND NOTES, § 102*—*when credit certificate not negotiable.* A credit certificate certifying a certain sum to be due and stating that the certificate will be accepted in payment of school fees of any eligible student not previously enrolled, *held* not a negotiable instrument.

2. BILLS AND NOTES, § 296*—*when maker of credit certificate not liable for payment in money.* Where a credit certificate certifies a certain sum to be due and states that the certificate will be accepted in payment of school fees of any eligible student not previously enrolled, the agreement therein to accept the certificate in payment of the future obligation of a third person to pay school fees is not a mere option given the holder, but a condition to be complied with by the holder before the maker would be liable for the amount thereof.

3. EVIDENCE, § 358*—*when parol evidence admissible.* Parol evidence is admissible to explain the meaning of words used in a written instrument as understood by the persons using the same at the time they were written.

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed April 23, 1914.

J. AMOS BLUME, for plaintiff in error.

HARRY A. BIOSSAT, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

Plaintiff, A. L. Bronson, recovered a judgment for two hundred dollars, against the defendant, Luella M. Wilson, in the Municipal Court, upon the following certificate, which the court held to be a negotiable instrument, viz:

"$200.    CREDIT CERTIFICATE.    No. 12017.

This certifies there is due the Educational Aid Society or order, the sum of two hundred dollars in

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

payment for advertising, and this certificate will be accepted for that amount in payment of the school fees of any eligible student who has not previously enrolled in this institution.

STEVAN SCHOOL.

(SEAL)   Per Luella M. Wilson.''

This certificate was indorsed in blank by the Educational Aid Society by Harry J. Myers, as treasurer. Upon the trial, the plaintiff offered it in evidence, proved the signatures thereto and rested. He made no attempt to show that it had ever been tendered to the defendant in payment of all or any part of the school fees of any person desiring to be enrolled as a student in defendant's school, or that any demand for a credit of that kind had ever been made or refused. Defendant offered, but was not permitted, to prove that the certificate was issued to and accepted by the Educational Aid Society upon the express condition that the same should be used only in payment of the school fees of eligible new students to be furnished by the Aid Society.

In *Stitzel v. Miller*, 250 Ill. 72, it is said: ''This court has held that a promissory note 'may be defined to be a written promise by one person to pay to another person therein named, or order, a fixed sum of money at all events and at a time specified therein or at a time which must certainly arrive.' (*McClenathan v. Davis*, 243 Ill. 87.) This definition substantially meets the requirements of the Negotiable Instrument Act of 1907.''

Section 5 of the Negotiable Instrument Act of 1907 (J. & A. ¶ 7644) provides that ''an instrument which contains an order or promise to do an act in addition to the payment of money is not negotiable under this Act. But the negotiable character of an instrument otherwise negotiable is not affected by a provision which * * * gives the holder an election to require something to be done in lieu of payment of money.''

In *Kingsbury v. Wall,* 68 Ill. 311, followed by *Van Zandt v. Hopkins,* 151 Ill. 248, it was held that if a written promise to pay be coupled with a clause requiring the performance of a collateral condition, it is not negotiable; for "it is indispensable that all bills of exchange or promissory notes, to be assignable under our statute or at common law, must be certainly payable, and not dependent on any contingency either as to the event, or the fund out of which payment is to be made, or the parties by or to whom payment is to be made."

It follows from the principles thus stated that the only theory upon which the finding and judgment of the trial court can be sustained is that the stipulation contained in the instrument sued on, as to the method and time of payment, is not to be construed as a statement of collateral conditions which must be performed before the amount therein named shall become payable, but merely gives to the legal holder "an election to require something to be done in lieu of payment of money." We are of the opinion that this theory is untenable under the facts of this case. The instrument is entitled a "Credit Certificate." This term implies that something remains to be sold, furnished or supplied by the maker of the certificate, towards the payment of which the amount named in the certificate will be applied *as a credit,* upon demand. The thing to be thus sold, furnished or supplied by the defendant is indicated by the statement in the certificate that it "will be accepted  *  *  *  in payment of the school fees of any eligible student who has not previously enrolled in this institution." This statement, on familiar principles, implies that the credit certificate will not be otherwise accepted or paid. No time is expressly stated as the date upon which the certificate will be so accepted and the amount thereof credited, but the clear implication from the language used is that it will be accepted and applied as a credit whenever the Educational Aid Society, or its assignee, shall offer the

certificate in payment of the school fees of an eligible new student desiring to be enrolled in defendant's school. That time may never come. The stipulation is something more than a mere statement that the certificate will be paid upon presentation, or upon demand, or upon the return of the certificate duly indorsed, such as commonly appears in the ordinary form of certificates of deposit. It provides, in effect, that the presentation or demand must be accompanied by a request, on the part of the holder, to have the amount of the certificate applied in payment of the school fees of a third person, namely, a new student. Such a request or demand involves the affirmative act or consent of such third person. In this respect, the stipulation in this certificate is analogous to the agreement construed in *Husband v. Epling,* 81 Ill. 172, where the amount to be paid was made payable "when the estate of Thomas Mason is settled up." It has been held that where there is an agreement to pay a certain sum in specified articles of personal property at agreed prices on a particular day, a failure to deliver the articles specified on the day fixed converts the contract into a money obligation payable on demand. *McKinnie v. Lane,* 230 Ill. 544. That principle, however, cannot aid the plaintiff in this case for two reasons: First, the contract in this case does not fix any day for payment except as above stated; and, second, there is no proof of any failure to deliver the specified thing contracted for, at any time. In our opinion, the agreement to accept the certificate in payment of the future obligation of a third person to pay school fees is not a mere option given to the holder, but a condition to be complied with by the holder before the maker would be liable for the amount thereof.

Furthermore, we are of the opinion that the evidence offered by the defendant to prove that such was, in fact, the intention of the parties was admissible, not to vary the terms of the written instrument, but

to explain the meaning of the words used, as understood by the persons using the same, at the time they were written. In *Doyle v. Teas,* 5 Ill. (4 Scam.) 202, 256, Mr. Justice Caton said: "The true rule clearly deducible from the cases, I think, is where the language is of such a character as to show that the parties had a fixed and definite meaning which they intended to express, and used language adequate to convey that idea to persons possessed of all the facts which they had in view at the time they used the language, it then becomes the duty of the court to learn those facts, if need be, by parol proof, and thus, as far as possible, by occupying the place of the parties employing the expressions, ascertain the sense in which they were intended to be used." In *Wilson v. Roots,* 119 Ill. 379, Mr. Justice Scholfield said: "Although it is not competent to contradict or enlarge the terms of a written agreement by parol evidence, it is competent to resort to parol evidence to ascertain the nature and qualities of the subject to which the instrument refers. (1 Greenleaf on Evidence, sec. 286.) And so we have said, that courts, in construing written contracts, endeavor, in all cases, to place themselves in the position of the contracting parties, so that they may understand the language used, in the sense intended by the persons using it." (Citing *Doyle v. Teas, supra,* and other cases.) These cases have been followed with approval in *Matthews v. Kerfoot,* 167 Ill. 313, and *Whalen v. Stephens,* 193 Ill. 121.

For the reasons stated, the judgment of the Municipal Court will be reversed and the cause remanded.

*Reversed and remanded.*