250 APPELLATE COURTS OF ILLINOIS.

Educational Aid Society v. Bush Temple Con., 187 Ill. App. 250.

## Educational Aid Society, Defendant in Error, v. Bush Temple Conservatory, Plaintiff in Error.

### Gen. No. 19,617.

1. APPEAL AND ERROR, § 528*—*when presentation of propositions of law unnecessary to preserve questions for review.* It is not necessary to present propositions of law in a case tried by the court without a jury, to preserve questions for review in the Appellate Court.

2. BILLS AND NOTES, § 295*—*when "credit certificate" not primarily payable in money.* A written instrument denominated a "credit certificate" certifying a certain sum to be due and stating that the certificate would be accepted in payment of school fees of any eligible student who had not been previously enrolled in the institution of the maker, *held* not an obligation for payment of money until an eligible student has been presented for tuition and refused by the maker of the instrument.

3. PRINCIPAL AND AGENT, § 137*—*when evidence insufficient to show authority of employe of corporation to sign money obligation.* Evidence *held* insufficient to show that a musical director of a corporation had implied authority to sign an obligation payable in money, where it appeared that he was not an officer of the corporation, that he signed the instrument without the knowledge of any of its officers and that all contracts involving money obligations were signed by the treasurer of the corporation.

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in this court at the October term, 1913. Reversed. Opinion filed May 25, 1914.

HARRIS, DODDS & KAGY, for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; E. D. WALLACE and SIGMUND W. DAVID, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

We would first notice the point made by defendant in error that we cannot review the issue herein as it is

---

*See **Illinois Notes Digest**, Vols **XI** to **XV**, and Cumulative Quarterly, same topic and section number.

an issue of law, and no propositions of law are in this record. It is not necessary to present propositions of law in a case tried by the court without a jury, to preserve questions for review in the Appellate Court. In so holding we reaffirm what was said by this court in *Lanski v. Chicago & N. W. Ry. Co.*, 181 Ill. App. 565:

"To preserve questions of law for the Supreme Court in cases in which that court has no jurisdiction to pass on controverted facts and which have been tried below without a jury, there must have been propositions of law offered and passed on; but that is not necessary to enable the Appellate Court, which passes on both law and fact, to consider all questions raised by the assignments of error." See also the reasons for this view stated in *City of Chicago v. Bartels*, 146 Ill. App. 180, 185. We shall therefore consider this case on its merits.

Plaintiff brought an action on a written instrument and recovered a judgment for one hundred and seventy dollars, which defendant seeks to have reversed. The instrument sued on is as follows:

"Credit certificate.

$170.00                                         No. 14028

This certifies there is due Educational Aid Society or order the sum of one hundred and seventy and no dollars in payment for advertising, and this certificate will be accepted for that amount in payment of school fees of any eligible student who has not previously enrolled in this institution.

Signed
BUSH TEMPLE CONSERVATORY
Per K. M. Bradley
Officer of School."

In *Bronson v. Wilson*, 186 Ill. App. 69, by Branch D. of the Appellate Court, this district, there was under consideration an instrument identical with this, except as to number, amount and name of the party signing. It was there held that the term "credit certificate * * * implies that something remains to be sold, furnished or supplied by the maker of the cer-

tificate, towards the payment of which the amount named in the certificate will be applied as a credit, upon demand.'' This seems reasonable. Consideration of the instrument tends to favor the construction that it does not call for the payment of money until an eligible student has been presented for tuition and refused by the maker of the instrument. Any other construction makes pointless the provision that the certificate will be accepted for that amount, one hundred and seventy dollars, in payment of school fees. If the instrument was a primary obligation for one hundred and seventy dollars in money, why make any such provision, for manifestly one hundred and seventy dollars in money would be accepted by the defendant ''for that amount in payment of school fees,'' and probably regardless of whether or not the student had been previously enrolled in the institution. It is not claimed that plaintiff tendered any student to receive instruction as contemplated by the certificate. There must be such a tender followed by refusal of the obligor to perform its undertaking to give instruction before there can be any liability for the amount of money named in the certificate.

Plaintiff concedes that Bradley, who signed the certificate, had no express authority so to do, but contends that he had implied authority. The evidence shows that he is not an officer of the corporation, but is the musical director; that he engages teachers and arranges with pupils as to their tuition and the work of their studies; that he teaches and lectures; that all contracts involving obligations to pay money are signed by the treasurer, Mr. Bush; that Bradley has no authority to sign such obligations. It also appears that Bradley signed the instrument in question without the knowledge of any of the officers of defendant; that he did not understand that he was signing any money obligation; that he had never before signed a paper like this, and thought it was merely an order for tuition to the extent of one hundred and seventy

dollars; that once before a student had been sent by the plaintiff to the defendant to receive instruction, and he supposed this was the same kind of a transaction.

Our conclusion is that the evidence fails to show any implied authority in Mr. Bradley to sign a paper primarily obligating the defendant to pay a sum of money, but that he. did have authority to sign what he thought he was signing, namely a credit certificate for tuition.

Plaintiff, having failed to show any default or breach on the part of defendant in its undertaking to furnish tuition under the terms of the instrument, was not entitled to recover judgment, and it will therefore be reversed.

*Reversed.*