DETERMINED IN THE

## FOURTH DITRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1922.

### W. B. Hurst and J. H. Holderman, trading as Hurst Brothers, Appellees, v. Hutsonville Telephone Company et al., Appellants.

1. TELEGRAPHS AND TELEPHONES—*liability of telephone company for giving wrong connection as affected by contributory negligence of user.* One calling for a long distance telephone connection with a specified person is guilty of contributory negligence in not definitely inquiring of the person who answered such call as to whether or not the answering person is the one with whom conversation is desired, especially where there is delay and trouble in completing the call and the person who responds thereto gives as his name a different one than that of the party called, and where such inquiry is not made, the telephone company is not liable in damages for giving the wrong connection.

2. APPEAL AND ERROR—*right of Appellate Court to review sufficiency of evidence in absence of propositions of law.* The Appellate Court is authorized to determine the sufficiency of the evidence to sustain a judgment of the lower court even though no propositions of law have been raised in the lower court.

Appeal by defendants from the Circuit Court of Crawford county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed March 24, 1922. Rehearing denied November 1, 1922.

NEWLIN, PARKER & NEWLIN and BRADBURY, GAINES & BRADBURY, for appellants.

JONES & LOWE, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

The appellees in this case, W. B. Hurst and J. H. Holderman, doing business under the name of Hurst Brothers, have been for a number of years engaged in the business of retailing flour, feed, poultry, eggs and ice at Hutsonville, Illinois. During the summer of 1917 they had been purchasing ice from the Lawrenceville Ice and Cold Storage Company of Lawrenceville, Illinois, and on Saturday, July 14, 1917, wrote a postal card to that company requesting the shipment to them of a carload of ice by freight on Wednesday, the 18th of July. Having received no confirmation of this order Holderman, on the evening of July 16, called over the telephone the central office of appellant, Hutsonville Telephone Company, and, as he testified, asked to be connected with the Lawrenceville Ice and Cold Storage Company. The Hutsonville Telephone Company had no connection with Lawrenceville but had to go through the central office of the Commercial Telephone and Telegraph Company at Robinson, also an appellant. There was an agreement between these two telephone companies concerning a division of the revenue from such toll calls. In a short time after putting in his call, Holderman was called and told by the operator of the Hutsonville Company, "here is your party." He further testified that he asked the party at the other end of the line if they had received his postal card ordering a carload of ice and was informed they had not. He then asked if they could ship them a carload of ice on Wednesday following and was informed by the party at the other end of the line that he would have to investigate, and

that in just a short time the other party returned to the telephone and informed him that he could ship the ice and he said "all right." On Wednesday, following, appellees received a carload of ice from the Lawrenceville Ice and Cold Storage Company as per their postal card order and also a carload of ice from the Robinson Ice and Milling Company. Upon investigation it was learned that the Commercial Telephone and Telegraph Company of Robinson had connected Holderman with the Robinson Ice and Milling Company instead of with the Lawrenceville Ice and Cold Storage Company as requested, and that, pursuant to the above conversation, the Robinson Ice and Milling Company had also shipped to appellees a carload of ice. Appellees refused to accept this carload of ice, and it was returned by the railroad company to the Robinson Ice and Milling Company. That company brought suit against appellees and the Commercial Telephone and Telegraph Company of Robinson and recovered a judgment against appellees only for the sum of $50.35 and costs taxed at $11.20. This suit was brought by appellees against the two telephone companies to recover the amount of that judgment, $61.55. On trial before the court without a jury a judgment was rendered against appellants for that amount and costs and from that judgment this appeal was taken.

There is but little dispute as to the facts and but little contradiction in the evidence in this case. Holderman testified that when he called the Hutsonville central, he asked for the Lawrenceville Ice and Storage Company, and that, after having been connected with, as he supposed, the Lawrenceville plant, he was not disconnected until the conversation was finished, but that he held the telephone and waited for the party at the other end of the line to investigate and report to him. He further testified that when he was informed by the operator of the Hutsonville Company,

414    APPELLATE COURTS OF ILLINOIS.

Hurst et al. v. Hutsonville Telephone Co., 227 Ill. App. 411.

"here is your party" he asked, "is this the Ice Plant," and was informed that it was. O. L. Gordon, who did the talking from the Robinson Ice and Milling plant, testified that when he came back from investigating as to whether they could furnish the ice, the telephone had been disconnected, but that the bell rang just as he reached the telephone, and during the conversation the party at the other end of the line asked, "who is this talking," and he replied, "this is Gordon." The operator of the Hutsonville Telephone Company testified that when Holderman first called he asked for the "ice plant at Lawrenceville" or the "Lawrenceville Ice and Cold Storage Company" or "Lawrenceville Ice Plant," and that she rang the Robinson Central and told her she wanted "Lawrenceville Ice Plant," and that when she was informed by the Robinson operator the party was on the line, she supposed it was the Lawrenceville Ice Plant as that is what she had asked the Robinson operator for. She further testified that during this connection Holderman rang in and told her he was disconnected, and that she again rang the Robinson central and told them he was disconnected, and that while she was on the line she heard the man at the ice plant say "This is Gordon." This operator further testified that appellees had been in the habit of calling the Lawrenceville Ice Plant during the summer and during this month of July had called the plant two times other than the one here under consideration.

The main contention made by appellants in this case is that appellees, through Holderman, were guilty of contributory negligence which would bar a recovery in not inquiring and learning to whom he was talking over the telephone, and particularly so for the reason the evidence shows that Holderman knew he was talking to Gordon, whom he admitted he did not know. Appellees, on the other hand, contend that the same doctrine of negligence applies to telephone companies

as to telegraph companies and that said telephone companies engaged to furnish appellees with the means of communicating with the ice plant at Lawrenceville and through their negligence failed to furnish this means of communication, and are therefore liable, and that appellees were not negligent in failing to inquire definitely if they were talking to the Lawrenceville Ice and Cold Storage Company. Contributory negligence on the part of the sender of a telegraph message will bar a recovery for failure to properly deliver the same. (*Western U. Tel. Co. v. McDaniel*, 103 Ind. 294; *Koons v. Western U. Tel. Co.*, 102 Pa. St. 164.) But there appears to be an absence of authorities on the question whether the same rule applies to telephone companies. In the case of *McLeod v. Pacific Tel. Co.*, 52 Or. 22, 15 L. R. A. (N. S.) 810, a telephone company was held liable for a connection with a wrong party. However, that suit was brought by the party called for and with whom connection was not made and there was no question of contributory negligence on the part of the plaintiff. In our opinion there is no question but that telephone companies, the same as telegraph companies, are responsible for all damages resulting from the carelessness, negligence and unskilfulness of their operators. On the other hand, there is no question but that the doctrine of contributory negligence can be taken advantage of by telephone companies as well as telegraph companies. There is, however, this difference. If a telegram is handed to a telegraph operator properly addressed the sender has nothing further to do with the delivery of that message to the proper person and could not thereafter be guilty of any contributory negligence in the delivery of the same to the proper party. In the case of communication over the telephone the sender of the message actually delivers the message himself. While no doubt the telephone company would be liable for any damages resulting

416    APPELLATE COURTS OF ILLINOIS.

Hurst et al. v. Hutsonville Telephone Co., 227 Ill. App. 411.

wholly from a wrong connection made through its negligence, yet the sender must also be required to exercise the care and caution which a reasonably prudent person would exercise, and in a case where his negligence contributes to the bringing about of the conditions resulting in damages he should not be permitted to recover.

We are of the opinion that Holderman was guilty of contributory negligence under all the circumstances of this case in taking it for granted he was talking to the party he wanted. Especially is this true in view of the fact that in our opinion the preponderance of the evidence shows that he was informed he was talking to "Gordon." The contention is made by appellees that the question here under consideration is a question of law and that as appellants have not submitted any proposition of law to the court raising this question, they are not in position to raise it in this court. It has been repeatedly held that propositions of law are not necessary to enable the Appellate Court to determine the sufficiency of the evidence to sustain the judgment, which is in reality the question here considered. The following are among the many cases laying down this doctrine: *Hansen v. Stein*, 201 Ill. App. 501; *Educational Aid Society v. Bush Temple Conservatory*, 187 Ill. App. 250; *Lanski v. Chicago & N. W. Ry. Co.*, 181 Ill. App. 565; *City of Chicago v. Bartels*, 146 Ill. App. 180. Especially is this true where the record shows, as it does in this case, an exception to the finding and the entry of the judgment. *Schuyler County v. Missouri Bridge & Iron Co.*, 173 Ill. App. 435.

It was held by our Supreme Court in the recent case of *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.*, 300 Ill. 162, that the Appellate Court cannot decline to consider the merits of a suit at law tried without a jury merely because no propositions of law were submitted to the trial court, as the decision of

the trial court as to the sufficiency of the evidence is not final and binding on the Appellate Court in such case even though no question of law was raised in any manner. For the reasons herein assigned the judgment is reversed and the cause remanded.

*Reversed and remanded.*